IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.K., a minor, by and through his parents, T.K. and C.K., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>HAYWARD UNIFIED SCHOOL DISTRICT, et al., <br><br>　　　　Defendant. <br>_____/ <br>AND RELATED CROSS COMPLAINT <br>_____/ | No. C 06-07836 JSW <br><br><br><br>**NOTICE OF QUESTIONS** |

　　　　TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON JANUARY 19, 2006:

　　　　The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

Each party will have fifteen minutes to address the following questions:

(1) In his complaint, Plaintiff alleges that on September 29, 2006, his parents filed a complaint regarding violations of the Agreement and Hayward Unified School District (the "District") and Esther B.Clark school's ("EBC") failure to comply with the Stay Put Order issued by the California Office of Administrative Hearings ("OAH"). (Compl., ¶ 65.) Was Plaintiff referring to the due process complaint he filed with OAH and then withdrew in November 2006?

   (a) If so, how did the due process complaint assert any issues with respect to the Stay Put Order since the Stay Put Order was issued in response to the Complaint being filed?

   (b) If not, to what complaint was Plaintiff referring?

(2) In light of the fact that Plaintiff withdrew his complaint and the OAH thus dismissed the administrative action, on what basis does Plaintiff contend that the Stay Put Order issued by the administrative judge is valid and may be enforced by this Court?

(3) In addition to his claims that relate to the alleged violation of the Settlement Agreement, does Plaintiff have any claims that he was or is being denied a free and appropriate public education ("FAPE")?

   (a) If so, what is the factual basis for such claims?

   (b) Were such claims raised in the Due Process Complaint filed by Plaintiff on March 7, 2006?

   (c) Based on what authority does Plaintiff contend such claims need not be exhausted administratively?

(4) The Settlement Agreement provides that Plaintiff shall be enrolled at EBC during the 2005-2006 school year, but does not address where Plaintiff will be enrolled after the 2005-2006 school year.

   (a) In light of this fact, on what basis, if any, does Plaintiff contend that resolving any disputes as to performance under the Settlement Agreement will address where or how Plaintiff will be provided a FAPE during the 2006-2007 school year?

   (b) What damages or other relief is Plaintiff seeking based on the alleged breaches of the Settlement Agreement?

(5) The procedures required by agencies that receive assistance under the Individuals with Disabilities Education Act ("IDEA") include an opportunity for mediation. *See* 20 U.S.C. § 1415(b)(5). Moreover, in the event that the parties resolve a due process complaint pursuant to the mediation process, the parties are required to execute a legally binding agreement that "is enforceable in any State court of competent jurisdiction or in a district court of the United States." *See* 20 U.S.C. §(e)(2)(F). This action to enforce

the Settlement Agreement appears to constitute a "proceeding[] conducted pursuant to this section" under 20 U.S.C. § 1415(j).  Thus, under the plain language of the statute, the Court appears to have authority to issue an original stay put order.  However, as Plaintiff himself points out in his reply brief, "[t]he purpose of the stay-put provision is to maintain the status quo and to prevent the school district from unilaterally denying placement to a student *while a dispute over the placement is being resolved*." *Van Scoy ex rel. Van Scoy v. San Luis Coastal Unified School Dist.*, 353 F. Supp. 2d 1083, 1086 (C.D. Cal. 2005) (emphasis added); *see also In re John K.*, 170 Cal. App. 3d 783, 794 (1985) (noting that the objective of the stay put requirement is "to maintain the status quo *during placement disputes*") (emphasis added).  To the extent the Court has jurisdiction to hear claims regarding alleged breaches of the Settlement Agreement regarding past services, such claims do not involve a dispute over Plaintiff's current placement.  How do the parties reconcile the plain language with the purpose of the statute with respect to issuing a stay put order?  On what authority do the parties rely on to support their respective positions?

(6)   The District has offered to enroll Plaintiff in a certified nonpublic school, Keystone, which it contends is comparable to EBC and would provide Plaintiff an adequate and appropriate education.  In his reply brief, Plaintiff asserts, but does not explain why, Keystone would not be an appropriate placement.  Why does Plaintiff believe Keystone would not be an appropriate placement for him?

(7)   If EBC refuses to accept and teach Plaintiff, why should the District not be granted an exception to the stay put requirement?

(8)   Do the parties have anything further to add?

Dated: January 18, 2006

                                                    JEFFREY S. WHITE
                                                    UNITED STATES DISTRICT JUDGE