United States District Court

For the Northern District of California

1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT
7
8            FOR THE NORTHERN DISTRICT OF CALIFORNIA
9

R.K., a minor, by and through his parents, T.K.
and C.K.,

          No. C 06-07836 JSW

      Plaintiff,

  v.

HAYWARD UNIFIED SCHOOL DISTRICT,
et al.,

      Defendant.

**ORDER DENYING
APPLICATION FOR
TEMPORARY RESTRAINING
ORDER**

_____/

AND RELATED CROSS COMPLAINT
_____/

     Now before the Court is the Application for Temporary Restraining Order ("TRO") filed by Plaintiff R.K., a minor, by and through his parents, T.K. and C.K.  Having carefully reviewed the parties' papers and considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby denies the application for a TRO.

**BACKGROUND**

     In August 2005, Plaintiff's parents and the Hayward Unified School District (the "District") entered into a settlement agreement resolving an administrative due process complaint pursuant to the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, et seq., and the California Education Code.  (TRO App., ¶ 6.)  The Settlement Agreement provided that the District would provide educational services to Plaintiff at the Esther B. Clark school ("EBC"), a certified non-public school, during the 2005-2006 school year and extended

2006 school year. (*Id.*) However, beginning in February 2006, EBC indicated that it intended to exit Plaintiff and stop providing him with educational services. (*Id.*, ¶ 7.)

On March 7, 2006, Plaintiff's parents filed another administrative due process complaint in the California Office of Administrative Hearings ("OAH"), and then filed an amended complaint on August 16, 2006. (Compl., ¶¶ 66, 72.) Plaintiff alleges that the due process complaint requested a "stay put order" pursuant to 20 U.S.C. § 1415(j), asserted that the District violated the Settlement Agreement, and asserted that Plaintiff had not been provided appropriate mental health services by the Alameda County Behavior Health Care Services.[1] (Compl., ¶ 67.) On September 6, 2006, OAH issued a Stay Put Order directing the District to maintain Plaintiff's placement at EBC during the pendency of the due process action. (Declaration of Sarah Fairchild ("Fairchild Decl."), Ex. G.) EBC refused to accept Plaintiff unless the District signed another contract with it which would provide EBC more money and certain other conditions. (TRO App., ¶ 15.) Plaintiff has not attended school since the end of the extended 2005-2006 school year. (*Id.*, ¶ 16.) In November, Plaintiff's parents retained counsel, and on December 4, 2006, believing that the OAH did not have jurisdiction over the pending dispute, filed a Notice of Withdrawal of the due process complaint. (Compl., ¶ 75; Declaration of Jennifer Rowe ("Rowe Decl."), Ex. 13.) Based on the Notice of Withdrawal, the OAH dismissed the action. (Declaration of Mandy Leigh ("Leigh Decl."), Ex. D.)

On December 21, 2006, Plaintiff filed an action in this Court and now seeks a TRO to enforce the Stay Put Order issued by the OAH. On January 18, 2007, the District filed a due process action before the OAH regarding Plaintiff's educational placement for the 2006-2007 school year. (Plaintiff's Notice of Evidence)

---

[1] Section 1415(j) of the IDEA provides that "during the pendency of any proceedings conducted pursuant to this section, unless the State or local educational agency and the parents otherwise agree, the child shall remain in the then-current educational placement of the child, or, if applying for initial admission to a public school, shall, with the consent of the parents, be placed in the public school program until all such proceedings have been completed." *See* 20 U.S.C. § 1415(j). This section "commonly referred to as the 'stay put' provision, requires the educational agency to maintain a child's educational program until any placement dispute between the agency and the child's parents is resolved." *See Johnson ex rel Johnson v. Special Education Hearing Office*, 287 F.3d 1176, 1179 (9th Cir. 2002).

United States District Court
For the Northern District of California

**United States District Court**

For the Northern District of California

**ANALYSIS**

Plaintiff is seeking an immediate injunction to enforce the Stay Put Order issued by the OAH which directed the District to maintain Plaintiff's placement at EBC during the pending of the due process action.  (Fairchild Decl., Ex. G.)  However, based on Plaintiff's Notice of Withdrawal, the OAH dismissed the due process action.  (Rowe Decl., Ex. 13; Leigh Decl., Ex. D.)  Accordingly, the Stay Put Order is no longer in effect, and, thus, there is no order for this Court to enforce.

In his reply brief, Plaintiff argued for the first time that this Court should issue an original stay put order under the IDEA, because the statute authorizes such an order during "the pendency of *any proceedings* conducted pursuant to [section 1415]."  *See* 20 U.S.C. § 1415(j) (emphasis added).  Plaintiff argues that "[b]ecause there exists a dispute as to whether Plaintiff is to continue to receive future educational services at EBC or at the District's proposed placement of Keystone ..., a *proceeding* has occurred – with our [*sic*] without due process proceedings – thus, Plaintiff is entitled to remain at EBC."  (Reply at 5.)  Plaintiff's argument fails for several reasons.  First, Plaintiff inappropriately moved for the first time for such requested relief in his reply brief.  Second, to the extent Plaintiff is seeking action from this Court, pending resolution of the dispute as to where Plaintiff should receive future educational services, Plaintiff is required to first exhaust the administrative procedures.  *See Robb v. Bethel Schl. Dist.*, 308 F.3d 1047, 1050 (9th Cir. 2002).

With respect Plaintiff's placement during the 2006-2007 school year, Plaintiff's argument that exhaustion should not be required, because it would be futile, is unavailing.  Although Plaintiff may not need to exhaust with respect to his claims that the District breached the Settlement Agreement resolving an earlier due process complaint, *see Porter v. Board of Trustees of Manhattan Beach Unified School District*, 307 F.3d 1064, 1074 (9th Cir. 2002), the Settlement Agreement only addressed Plaintiff's placement during the 2005-2006 school year and extended 2006 school year, but did not address where Plaintiff would be enrolled after that school year ended.  (Fairchild Decl., Ex. A.)  Plaintiff has not made any showing that exhaustion of claims regarding his placement during the 2006-2007 school year would be futile.  Thus, to

3

1    the extent Plaintiff is seeking to resolve a dispute as to his placement during the 2006-2007

2    school year, as noted above, he must first exhaust his administrative remedies. *See Robb*, 308

3    F.3d at 1050.  Accordingly, the Court cannot issue a stay put order based on such claims.

4           To the extent Plaintiff is seeking to have this Court issue a stay put order based on the

5    proceedings in this Court asserting breaches of the Settlement Agreement, it does not appear

6    that the Court has authority to do so.  As Plaintiff himself points out in his reply brief, "[t]he

7    purpose of the stay-put provision is to maintain the status quo and to prevent the school district

8    from unilaterally denying placement to a student *while a dispute over the placement is being*

9    *resolved*." *Van Scoy ex rel. Van Scoy v. San Luis Coastal Unified School Dist.*, 353 F. Supp. 2d

10   1083, 1086 (C.D. Cal. 2005) (emphasis added); *see also In re John K.*, 170 Cal. App. 3d 783,

11   794 (1985) (noting that the objective of the stay put requirement is "to maintain the status quo

12   *during placement disputes*") (emphasis added).  To the extent the Court has jurisdiction to hear

13   claims of alleged breaches of the Settlement Agreement regarding the provision of past services,

14   such claims do not involve a dispute over Plaintiff's current placement.

15          At the hearing on Plaintiff's TRO, the District argued that the stay put provision only

16   applies to due process proceedings.  Upon review of 20 U.S.C. § 1415, the District appears to be

17   correct.  The Court notes that the IDEA requires that an opportunity for mediation of due

18   process complaints be provided and that, if due process complaints are resolved through the

19   mediation, the parties are directed to execute legally binding agreements that are enforceable in

20   state or federal court.  *See* 20 U.S.C. §§ 1415(b)(5), (e)(2)(F).  However, the statute does not

21   provide procedures for enforcing such an agreement.  Therefore, considering the language of the

22   stay put provision in light of the entire statute and the purpose the provision, to maintain the

23   status quo *while a dispute over the child's placement is being resolved*, the Court finds that it is

24   not authorized to issue a stay put order during the pendency of Plaintiff's claims as to alleged

25   breaches of the Settlement Agreement regarding past services.

26          Finally, the Court notes that there is currently a proceeding before the OAH raising the

27   issue of Plaintiff's parents' and the District's dispute over Plaintiff's current educational

28

1   placement.  The Court finds that the OAH is thus the appropriate forum in which to seek a stay

2   put order.

3                                          **CONCLUSION**

4       For the foregoing reasons, the Court DENIES Plaintiff's application for a TRO.

5       **IT IS SO ORDERED.**

6

7   Dated: January 22, 2007

8                                                        JEFFREY S. WHITE
                                                         UNITED STATES DISTRICT JUDGE

United States District Court

For the Northern District of California

5