IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.K., a minor, by and through his parents, T.K. and C.K., <br><br> Plaintiff, <br><br> v. <br><br> HAYWARD UNIFIED SCHOOL DISTRICT, et al., <br><br> Defendant. <br> ———————————————————— <br> AND RELATED CROSS COMPLAINT <br> ———————————————————— | No. C 06-07836 JSW <br><br> **NOTICE OF QUESTIONS** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD, PLEASE TAKE NOTICE OF THE FOLLOWING QUESTIONS FOR THE HEARING SCHEDULED ON MAY 4, 2007 AT 9:00 A.M.:

The Court has reviewed the parties' memoranda of points and authorities and, thus, does not wish to hear the parties reargue matters addressed in those pleadings. If the parties intend to rely on authorities not cited in their briefs, they are ORDERED to notify the Court and opposing counsel of these authorities reasonably in advance of the hearing and to make copies available at the hearing. If the parties submit such additional authorities, they are ORDERED to submit the citations to the authorities only, without argument or additional briefing. *Cf.* N.D. Civil Local Rule 7-3(d). The parties will be given the opportunity at oral argument to explain their reliance on such authority.

The Court notes that Plaintiff cites to administrative decisions in opposition to the pending motions to dismiss but only filed a request for judicial notice as to three of them. To the extent Plaintiff wants the Court to consider the other administrative decisions cited, Plaintiff is directed to bring copies to the hearing and to file a request for judicial notice attaching such decisions by no later than May 8, 2007. Plaintiff should also bring to the hearing a copy of the filings in the Ninth Circuit in the appeal and to file a request for judicial notice of such filings by no later than May 8, 2007.

Each party will have fifteen minutes to address the following questions:

(1) What is the status of the pending administrative hearing?
    (a) It appears that the California Office of Administrative Hearings ("OAH") has issued a Stay Put Order and Esther B.Clark School ("EBC") has agreed to enroll Plaintiff pursuant to the Stay Put Order. Is Plaintiff currently in school? If not, why not?
    (b) Does the fact that the OAH has issued a Stay Put Order and it appears that it is being complied with now render that portion of the action before this Court seeking to enforce the withdrawn Stay Put Order moot?
    (c) Are the parties proceeding with mediation in the underlying administrative hearing? If not, would the parties benefit from attending a settlement conference with a magistrate judge?

(2) If Plaintiff's claims regarding the withdrawn Stay Put Order are not mooted by subsequent factual developments, is this Court's jurisdiction regarding the Stay Put Order divested by the appeal of this Court's order denying the temporary restraining order?
    (a) Does Plaintiff agree with the Hayward Unified School District's (the "District") characterization of her appeal, *i.e.* that she only appealed the portion of the Court's order denying Plaintiff's request that this Court issue an original Stay Put Order? If not, what does Plaintiff contend she is appealing?
    (b) Does Plaintiff's appeal divest this Court of jurisdiction of any claims other than Plaintiff's Count 1 seeking an injunction? If so what claims or portions of claims?

(3) What is the District's response to Plaintiff's argument that the alleged breach of the settlement agreement invalidates the releases?

(4) Does the District have any authority indicating that state law governs the resolution of disputes over settlement agreements alleged to be entered pursuant to the mediation process under the IDEA?

2

(5)     The Court must determine whether any of Plaintiff's claims are barred by Eleventh Amendment sovereign immunity. *See In re Jackson*, 184 F.3d 1046, 1048 (9th Cir. 1999). The Ninth Circuit has held that California school districts are considered state agencies for purposes of the Eleventh Amendment and thus enjoy sovereign immunity. *Belanger v. Madera Unified School District*, 963 F.2d 248, 251 (9th Cir. 1992). Does the District contend that it is immune from any of Plaintiff's claims? If so, which claims?

(6)     Do the parties have anything further to add?

Dated: May 3, 2007

                      JEFFREY S. WHITE
                      UNITED STATES DISTRICT JUDGE