IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| R.K., a minor, by and through his parents, T.K. and C.K.,<br><br>   Plaintiff,<br><br> v.<br><br>HAYWARD UNIFIED SCHOOL DISTRICT, et al.,<br><br>   Defendants.<br>_____/<br><br>AND RELATED CROSS COMPLAINT<br>_____/ | No. C 06-07836 JSW<br><br>**ORDER (1) GRANTING CALIFORNIA DEPARTMENT OF EDUCATION'S MOTION TO DISMISS AS TO THE IDEA CLAIM AND (2) GRANTING ALAMEDA COUNTY BEHAVIOR HEALTH CARE SERVICES'S MOTION TO DISMISS AS TO THE UNRUH ACT CLAIM** |

   On September 21, 2007, the Court granted the motion to dismiss filed by the California Department of Education ("CDE") with respect to all of the claims asserted by plaintiff R.K., a minor, by and through his parents ("Plaintiff"), T.K. and C.K. ("Plaintiff's parents") except for Plaintiff's claim under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400, *et seq*. The Court reserved ruling on Plaintiff's IDEA claim against the CDE and requested additional briefing on the question as to whether there is a private right of action to challenge the regulation at issue here, 34 C.F.R. § 300.152. In the order issued on September 21, 2007, the Court also granted the motion to dismiss filed by defendant Alameda County Behavior Health Care Services ("ACBHCS") with respect to all of the claims asserted by Plaintiff except for Plaintiff's Unruh Act claim. The Court reserved ruling on dismissing Plaintiff's Unruh Act claim against ACBHCS and requested additional briefing as to whether

Plaintiff had to plead intentional discrimination to state a claim under the Unruh Act. The Court has now carefully reviewed the parties' additional briefing and the relevant legal authority, and grants CDE's motion to dismiss as to Plaintiff's IDEA claim and grants ACBHCS's motion to dismiss as to Plaintiff's Unruh Act claim.

**A.     Plaintiff's IDEA Claim Against the CDE.**

The IDEA and the regulations promulgated pursuant to this statute provide two different procedures whereby parents may file complaints regarding the statutory and regulatory requirements: (1) the impartial due process hearing procedures and (2) the complaint resolution procedures. *See* 20 U.S.C. §§ 1415(b)(6), (f) (impartial due process hearing); *see also* 34 C.F.R. §§ 300.151-153 (complaint procedure procedures), 300.507-.516 (impartial due process hearing). The impartial due process hearing is expressly provided in section 1415 of the IDEA and in the regulations, whereas the complaint resolution procedures are only described in the regulations. *See* 20 U.S.C. § 1415(f), 34 C.F.R. §§ 300.151-153, 300.507-.516; *see also Lucht v. Molalla River Schl. Dist.*, 225 F.3d 1023, 1026 (9th Cir. 2000) (noting this distinction between the impartial due process hearing and the complaint resolution procedures).

"It is axiomatic that private rights of action must be created by Congress." *Green v. Sprint Communications Co.*, 340 F.3d 1047, 1050 (9th Cir. 2003). To determine whether Congress created such a right, the Court must begin by examining the statute itself. *See id.* (citing *Alexander v. Sandoval*, 532 U.S. 275, 288 (2001)). An examination of the IDEA makes clear that it does not provide a private right of action with respect to the complaint resolution procedures set forth in the regulations. The statute expressly provides that a party aggrieved by the findings and decisions made pursuant to the impartial due process hearing and the child's placement in an alternative educational setting "shall have the right to bring a civil action." 20 U.S.C. § 1415(i)(2)(A). In contrast, the IDEA is silent with respect to the right to bring any action relating to the complaint resolution procedures. *Id*. Similarly the regulations regarding the impartial due process hearing explicitly provide for a private right of action, while the regulations establishing the complaint resolution procedures are silent as to any private right of action. *Compare* 34 C.F.R. § 300.516 *with* 34 C.F.R. §§ 300.151-.153. Courts examining this

2

issue have noted that the IDEA does not expressly provide a private right of action relating to the complaint resolution procedures. *See Virginia Office of Prot. and Advocacy v. Virginia, Dept. of Ed.*, 262 F. Supp. 648, 653, 659 (2003) ("Although the IDEA expressly creates a private right of action for those aggrieved by the due process procedure, it does not give the same right to those participating in a [complaint resolution procedure]"); *see also Simon ex rel. Simon v. Yecke*, 2004 WL 3739590, *6 (D. Minn. June 1, 2004).[1]

Because the IDEA does not expressly provide for a private right of action with respect to the complaint resolution procedures, the Court will consider whether a private right of action may be implied according to the factors set forth in *Cort v. Ash*, 422 U.S. 66, 78 (1975).[2] The factors are whether: (1) the plaintiff is one of the class for whose special benefit the statute was enacted; (2) there is any indication of legislative intent either to create or deny such a remedy;

---

[1] The court in *Beth V. v. Carroll*, 87 F.3d 80, 86 (3d Cir. 1996) found that the statutory language in the IDEA authorizing the filing of a lawsuit "plainly encompasses" the lawsuit challenging the State's failure to comply with the complaint resolution procedures. However, subsequently, the statutory language examined by the court in *Beth V.* has been substantially altered. Section 1415(a) of the IDEA provides that "Any state educational agency, State agency, or local educational agency that receives assistance under this subchapter shall establish and maintain procedures in accordance with this section to ensure that children with disabilities and their parents are guaranteed procedural safeguards with respect to the provision of a free and appropriate public education by such agencies." *See* 20 U.S.C. § 1415(a). In 1996, subsection (b) set forth a list of required procedures, but stated that "the procedures required by this section shall include, *but shall not be limited to*" those specified. *See Beth V.*, 87 F.3d at 82. The expansive language "but shall not be limited to" has since been deleted. *See* 20 U.S.C. § 1415(b). Notably, the complaint resolution procedures are not among those procedures specified under subsection (b). Moreover, in 1996, subsection (e) provided: "*Any party aggrieved by the findings and decision* made under subsection (b) of this section who does not have the right to appeal under subsection (c) of this section, and any party aggrieved by the findings and decision under subsection (c) of this section, *shall have the right to bring a civil action with respect to the complaint presented pursuant to this section...*" *Beth V.*, 87 F.3d at 85-86 (emphasis in original). The section providing the right to bring a civil action has been amended since then. This statutory provision now limits the right to bring a civil action to parties aggrieved by the findings and decisions made in the due process hearing or by the placement in an alternative educational setting. *See* 20 U.S.C. § 1415(i)(2)(A). Therefore, the Court finds that *Beth V.* is not persuasive.

[2] At least one court examining this issue has held that because the IDEA is Spending Clause legislation, conditions on the state's receipt of federal funds must be clear and unambiguous. Therefore, the court held that it could not read into the IDEA a private right of action where the statute itself was silent on this point. *Virginia Office of Prot. and Advocacy*, 262 F. Supp. at 658-59. However, because, as discussed below, the Court finds that the factors under *Cort* are not met, the Court need to resolve whether it would be improper to imply a private right of action even if the *Cort* factors had been satisfied.

3

1  (3) implying a such a remedy for the plaintiff would be consistent with the underlying purposes

2  of the legislative scheme; and (4) the cause of action is one traditionally relegated to the states

3  so that it would be inappropriate to infer a cause of action based solely on federal law. *Id.*

4  "[T]he critical inquiry is whether Congress intended to create a private right of action." *Green*,

5  340 F.3d at 1052 (quoting *Walls v. Wells Fargo Bank*, 276 F.3d 502, 508 (9th Cir. 2002); *see*

6  *also Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Curran*, 456 U.S. 353, 388 (1982)

7  (congressional intent is the dispositive factor). Plaintiff bears the burden "to demonstrate that

8  Congress intended to make a private remedy available to enforce" the complaint resolution

9  procedures. *See Suter v. Artist M.*, 503 U.S. 347, 363-364 (1992).

10  Plaintiff failed to even address this point, let alone cite to any authority or proffer any

11  argument to demonstrate Congressional intent to create a private right of action.[3] Therefore,

12  Plaintiff has not met his burden to demonstrate that Congress intended to make a private remedy

13  available to enforce the complaint resolution procedures. Plaintiff's failure provides a sufficient

14  reason to find that there is no private right of action. Moreover, a review of the statutory

15  language and structure demonstrates that Congress did not intend to create a private right of

16  action for violations of the complaint resolution procedures.

17  That Congress expressly authorized a private right of action for violations of some

18  statutory provisions and regulations, but not for the complaint resolution procedures, indicates

19  that Congress did not intend to create a private right of action for violations of the complaint

20  resolution procedures. *See Green*, 340 F.3d at 1051 (declining to attribute an intent to provide a

21  private right of action under regulations promulgated under certain statutory provisions where

22  Congress explicitly provided a private right of action as to regulations promulgated under other

23  statutory provisions); *see also S.C. v. Deptford Township Bd. of Ed.*, 2006 WL 1784591, *8

24  (D.N.J. June 23, 2006) (finding it extremely unlikely that Congress intended to create a right of

---

[3] Plaintiff cites to several cases which stand for the proposition that the State educational agency may be sued for violations under the IDEA. (Plaintiff's Supplemental Brief at 5.) However, whether a State educational agency is a proper party that may be sued under the IDEA is a distinct issue from whether Congress intended to, and did, provide a private right of action to sue for violations of the complaint resolution procedures. The authority cited to by Plaintiff is inapposite on the issue before the Court.

4

1  action relating to the complaint procedure requirements "when Congress did not expressly
2  create that right of action, but did expressly create a private right of action for 'any party
3  agrieved' by the findings or decisions made under section 1415."); *Wachlarowicz v. Schl. Bd. of*
4  *Independent Schl. Dist. No. 832*, 2003 U.S. Dist. LEXIS 27147, *12 (D. Minn. Aug. 1, 2003)
5  ("If Congress had intended to create a private right of action for complaint resolution
6  procedures decisions, it could have inserted the relevant language in the statute.  It cannot be
7  assumed that a private right of action exists for a complaint resolution procedures decision
8  when the statute expressly provides a right of action for due process hearing decisions only.")

9        Moreover, the Court must evaluate the IDEA in light of the fact that it is Spending
10 Clause legislation.  Another district court in California concluded that, considering the "clear
11 statement rule" that applies to Spending Clause legislation, the absence of a clear expression in
12 the IDEA that outcomes of the complaint resolution procedures would be subject to judicial
13 review demonstrates that Congress did not intend to provide such a private right of action.  *T.L.*
14 *v. Palm Springs Unified Schl. Dist.*, Case No. CV-.381 (C.D. Cal. Aug. 7, 2007) (attached as
15 Exhibit A to CDE's Supplemental Brief).  The Court agrees.

16       Finally, as the court in *Virginia Office* explained, the creation of a private right of action
17 for parties aggrieved by the due process hearing procedures but not the complaint resolution
18 procedures "makes sense in the context of the two-tiered review system Congress created."  *Id.*
19 at 659.  The court in *Virginia Office* reasoned that the complaint resolution process was
20 designed to be an informal forum for review.  *Id.*  The court noted that the complaint resolution
21 procedures do not require that the proceedings be recorded in anticipation of court scrutiny, any
22 interested party may participate in the complaint resolution process, and the parties' procedural
23 protections are minimal at best.  *Id.*  The court likened the complaint resolution procedures to an
24 informal settlement conference and found that it was intended to serve as a forum by which the
25 parties can meet and confer without the interference of courts.  *Id.*  In contrast, the impartial due
26 process hearings were designed to be both more formal and more adversarial.  *Id.*  The right to
27 have an impartial due process hearing is restricted to parents and the local educational agency
28 involved in the dispute.  The parties participating in a due process hearing are entitled to the

5

have qualified counsel, present evidence, confront, cross-examine, and compel the attendance of witnesses, obtain a verbatim recording of the hearing, and have a written opinion. *Id.*; *see also* 14 U.S.C. § 1415(f). Additionally, "[t]he IDEA expressly delineates the parents' right to appeal from a due process decision, and it empowers the parties to bring suit in federal court. ..." *Id.*

Based on the foregoing, the Court finds that Congress did not intend to create a private right of action for violations of the complaint resolution procedures. Therefore, the Court may not find an implied private right of action under *Cort*. *See Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 456 U.S. at 388 (holding that there was no need to "trudge through all four of the factors when the dispositive question of legislative intent has been resolved.") (citation omitted). Accordingly, the Court finds that there is no private right of action relating to the complaint resolution procedures and thus grants the CDE's motion to dismiss as to Plaintiff's IDEA claim.

### B.     Plaintiff's Unruh Act Claim Against ACHBCS.

The Court requested additional briefing from the parties as to whether Plaintiff's Unruh Act claim should be dismissed in light of the requirement set forth in *Harris v. Capital Growth Investors XIV*, 52 Cal. 3d 1142, 1175 (1991), to plead intentional discrimination under the Unruh Act. In response, Plaintiff argues that the California legislature amended the Unruh Act in 1992 to provide that "A violation of the right of any individual under the Americans With Disabilities Act of 1990 ... shall also constitute a violation of this section." *See* Cal. Civ. Code § 51(f). "[A] plaintiff need not show intentional discrimination in order to make out a violation of the ADA." *Lenti v. Cal. Ctr. for the Arts, Escondido*, 370 F.3d 837, 846 (9th Cir. 2004). Based on this statutory amendment, the Ninth Circuit found that "no showing of intentional discrimination is required where the Unruh Act violation is premised on an ADA violation." *Id.* at 847.[4]

---

[4] A California appellate court disagreed with the holding of *Lenti* and held that the 1992 amendment of the Unruh Act did not alter the intentional discrimination requirement set forth in *Harris*. *Gunther v. Lin*, 144 Cal. App. 4th 223, 252-56 (2006). However, a California district court thoroughly analyzed *Gunther* and the relevant legal authority and found convincing evidence that the California Supreme Court would disagree with *Gunther*. *Wilson v. Haria & Gogri Corp.*, 479 F. Supp. 2d 1127, 1136 (E.D. Cal. 2007). This Court

6

Although Plaintiff is not required to plead intentional discrimination to the extent Plaintiff's Unruh Act claim is premised on a violation of the ADA, Plaintiff's Unruh Act claim fails for another reason. As Plaintiff now makes clear, his Unruh Act claim is premised on his ADA claim against ACHBCS. However, the Court dismissed Plaintiff's ADA claim against ACHBCS without leave to amend based on his failure to exhaust his administrative remedies. Until Plaintiff exhausts his administrative remedies, he cannot state a claim under the ADA. Because Plaintiff yet cannot state a claim under the ADA, Plaintiff's Unruh Act claim premised on a violation of the ADA cannot stand either. Therefore, the Court grants ACHBCS's motion to dismiss as to Plaintiff's Unruh Act claim.

## CONCLUSION

For the foregoing reasons, Plaintiff's IDEA claim against the CDE and Plaintiff's Unruh Act claim against ACHBCS are DISMISSED with prejudice. In the Order issued on September 21, 2007, the Court dismissed Plaintiff's Section 504 and ADA claims against the CDE without prejudice. The Court HEREBY ORDERS that Plaintiff shall have until December 31, 2007 to file these amended claims. If Plaintiff does not file an amended complaint by this time, the Court will dismiss his action against the CDE.

**IT IS SO ORDERED.**

Dated: November 20, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

agrees with the reasoning in *Wilson* and thus follows the holding of *Lenti*.

7