IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

R.K., a minor, by and through his parents, T.K. and C.K.,

    Plaintiff,

v.

HAYWARD UNIFIED SCHOOL DISTRICT, et al.,

    Defendant.

AND RELATED CROSS COMPLAINT

No. C 06-07836 JSW

**ORDER DENYING SECOND APPLICATION FOR TEMPORARY RESTRAINING ORDER**

Now before the Court is the Application for Temporary Restraining Order ("TRO") filed by Plaintiff R.K., a minor, by and through his parents, T.K. and C.K on January 16, 2008. The Court finds that this matter is appropriate for disposition without oral argument and it is hereby deemed submitted. *See* Civ. L.R. 7-1(b). Accordingly, the hearing set for January 18, 2008 is HEREBY VACATED. Having considered the parties' papers and the relevant legal authority, the Court hereby denies the application for a TRO.

As the parties are familiar with the facts and procedural history of this case, there is no need to recite them here, except where useful in reaching the disposition.

///

///

///

# ANALYSIS

**A.     Applicable Legal Standard**

To prevail on a motion for temporary restraining order or to receive preliminary injunctive relief, the moving party bears the burden of demonstrating either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) the existence of serious questions as to success on the merits and irreparable injury along with a sharp tipping of the balance of hardships in favor of the moving party. *Stahlbarg International Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839-840 (9th Cir. 2001). These alternative standards are "not separate tests but the outer reaches of a single continuum." *International Jensen, Inc. v. Metrosound U.S.A.*, 4 F.3d 819, 822 (9th Cir. 1993). "Because injunctive relief prior to trial is a harsh and extraordinary remedy, it is to be granted sparingly and only in cases where the issues are clear and well defined and the plaintiff has established a reasonable certainty of prevailing at trial." *Watermark, Inc. v. United Stations, Inc.*, 219 U.S.P.Q. 31, 32-33 (C.D. Cal. 1982) (*citing Dymo Industries, Inc. v. Tapeprinter, Inc.*, 326 F.2d 141 (9th Cir. 1964)). Moreover, "on application for preliminary injunction the court is not bound to decide doubtful and difficult questions of law or disputed questions of fact." *Dymo Industries*, 326 F.2d at 143; *see also Mayview Corp. v. Rodstein*, 480 F.2d 714, 719 (9th Cir. 1973) (reversing grant of preliminary injunction based on existence of disputed factual issues).

Under either formulation of the test, a party seeking a preliminary injunction always must show that a significant threat of irreparable harm exists. *American Passage Media Corp. v. Cass Communications, Inc.*, 750 F.2d 1470, 1473 (9th Cir. 1985). Thus, if the moving party cannot show irreparable harm, a court need not reach the issue of likelihood of success on the merits. *Oakland Tribune, Inc. v. Chronicle Publ'g Co.*, 762 F.2d 1374, 1376 (9th Cir. 1985).

In addition, within the Ninth Circuit, the Court must also consider the public interest when it assesses the propriety of issuing an injunction. *Sammartano v. First Judicial District Court*, 303 F.3d 959, 973 (9th Cir. 2002).

///

///

**B.      Plaintiff Fails to Show a Significant Threat of Irreparable Harm.**

Plaintiff seeks to stay the due process hearing set to be held by the California Office of Administrative Hearings ("OAH") on January 22, 2008. The OAH has dismissed Plaintiff's claims relating to the 2005 settlement agreement between Plaintiff's parents and the Hayward Unified School District (the "District") on the grounds that the OAH lacks the authority to hear such claims. Still pending before the OAH are Plaintiff's claims regarding his educational placement and services for 2006 to the present.

Plaintiff contends that he will suffer irreparable harm by having to litigate his claims in two different forums and being forced to have two separate due process proceedings. Although Plaintiff may be inconvenienced, he has not shown that he will suffer irreparable injury. He will have an opportunity to litigate all his claims. Moreover, until the claims currently pending before the OAH are exhausted, the Court does not have subject matter jurisdiction over them, and thus cannot hear them. Staying the OAH proceeding would preclude Plaintiff from exhausting his pending administrative claims.

Plaintiff also argues that his remedies in the due process proceeding may be limited because his claims pending before the OAH only address issues arising from 2006 to the present. However, Plaintiff has not demonstrated that, to the extent he is entitled to remedies in addition to those awarded by the OAH, if any, he would be precluded from seeking such additional remedies from this Court. Therefore, the Court finds that Plaintiff has not demonstrated that a significant threat of irreparable harm exists. *American Passage Media*, 750 F.2d at 1473. Therefore, the Court DENIES Plaintiff's application for a TRO.

## CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's application for a TRO.

**IT IS SO ORDERED.**

Dated: January 18, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3