**United States District Court**
For the Northern District of California

1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8              FOR THE NORTHERN DISTRICT OF CALIFORNIA

9   R.K., a minor, by and through his parents, T.K.
    and C.K.,

10                                                       No. C 06-07836 JSW

                    Plaintiff,
11

12       v.                                              **ORDER (1) GRANTING
                                                         CALIFORNIA DEPARTMENT OF
    HAYWARD UNIFIED SCHOOL DISTRICT,                     EDUCATION'S MOTION TO
13  et al.,                                              DISMISS AND (2) DECLINING TO
                                                         EXERCISE JURISDICTION
14                  Defendants.                          OVER REMAINING STATE-LAW
                                             /           CLAIM AGAINST CHILDREN'S
15                                                       HEALTH COUNCIL**
    AND RELATED CROSS COMPLAINT
16                                           /

17

18

19          Now before the Court are the motions to dismiss filed by the California Department of

20  Education ("CDE") and the Children's Health Council ("CHC"). These motions are now fully

21  briefed and ripe for decision. The Court finds that these matters are appropriate for disposition

22  without oral argument and the matters are deemed submitted. *See* N.D. Civ. L.R. 7-1(b).

23  Accordingly, the hearing set for April 25, 2008 is VACATED. Having carefully reviewed the

24  parties' papers and the relevant legal authority, the Court hereby grants CDE's motion to

25  dismiss and declines to exercise supplemental jurisdiction over the remaining state-law claim

26  against CHC.

27          As the parties are familiar with the facts and procedural history of this case, there is no

28  need to recite them here, except where useful in reaching the disposition.

United States District Court

For the Northern District of California

**ANALYSIS**

**A.      Legal Standards on a Motion to Dismiss.**

A motion to dismiss is proper under Federal Rule of Civil Procedure Rule 12(b)(6)
("Rule 12(b)(6)") where the pleadings fail to state a claim upon which relief can be granted.
Fed. R. Civ. P. 12(b)(6).  In ruling on a Rule 12(b)(6) motion, the complaint is construed in the
light most favorable to the non-moving party and all material allegations in the complaint are
taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986).  The court, however,
is not required to accept legal conclusions cast in the form of factual allegations if those
conclusions cannot reasonably be drawn from the facts alleged. *Clegg v. Cult Awareness
Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286
(1986)).

**B.      CDE's Motion to Dismiss.**

On September 21, 2007, the Court dismissed with leave to amend Plaintiff's claims
under Section 504 of the Rehabilitation Act of 1973 ("Section 504") and the Americans with
Disabilities Act ("ADA") against the CDE.  The Court dismissed these claims based on
Plaintiff's failure to allege that the CDE had discriminated against him solely based on his
disability and that the CDE's conduct was "so inappropriate as to constitute either bad faith or
gross misjudgment." *Alex G. ex rel. Dr. Steven G. v. Bd. of Trustees of Davis Joint Unif. Sch.
Dist.*, 387 F. Supp. 2d 1119, 1124 (E.D. Cal. 2005).  Additionally, to the extent Plaintiff seeks
money damages, Plaintiff was required, but failed, to allege intentional discrimination. *See
Fegurson v. City of Phoenix*, 157 F.3d 668, 674 (9th Cir. 1998) (holding that compensatory
damages are available under the ADA and the Rehabilitation Act for intentional discrimination).

The Court noted that Plaintiff failed to allege that he was excluded from school *solely
because of his disability.*  Moreover, even if Plaintiff had alleged such facts, Plaintiff would
need to allege facts that, if true, would show that the *CDE* discriminated against Plaintiff based
on his disability and that the *CDE's* conduct was so inappropriate as to constitute either bad
faith or gross misjudgment.  Upon review of Plaintiff's complaint, the Court finds that Plaintiff
has not cured these deficiencies.  Plaintiff has not alleged any additional facts regarding the

United States District Court
For the Northern District of California

1  CDE's conduct, but rather merely adds conclusory assertions that the originally alleged conduct

2  was done intentionally, was based on Plaintiff's disability, and constituted gross misjudgment.

3  The court, however, is not required to accept legal conclusions cast in the form of factual

4  allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Clegg*, 18

5  F.3d at 754-55. Accordingly, the Court GRANTS the CDE's motion to dismiss.

6  **C.      CHC's Motion to Dismiss.**

7          With the dismissal of the above federal claims, the only remaining claim in Plaintiff's

8  complaint is Plaintiff's state-law claim under the Unruh Civil Rights Act, California Civil Code

9  § 51 ("Unruh Act") against CHC. A federal district court may decline to exercise supplemental

10  jurisdiction when it has dismissed all of the claims over which it had original jurisdiction. 28

11  U.S.C. § 1367(c)(3). Because this Court has dismissed all of Plaintiff's federal claims before

12  trial, his pendant state claims are more properly brought in state court. *United Mine Workers v.*

13  *Gibbs*, 383 U.S. 715, 726 (1966); *Jones v. Community Redevelopment Agency of L.A.*, 733 F.3d

14  646, 651 (9th Cir. 1984). Therefore, the Court DISMISSES the Plaintiff's Unruh Act claim

15  without prejudice to Plaintiff refiling this claim in state court.[1]

16

17                                          **CONCLUSION**

18          For the foregoing reasons, the Court GRANTS the CDE's motion to dismiss and

19  declines to exercise jurisdiction over Plaintiff's Unruh Act claim against the CHC.

20          **IT IS SO ORDERED.**

21

22                                                          *Jeffrey S White*

23

24

25

26

27

28          [1]  Because the Court declines to exercise supplemental jurisdiction over Plaintiff's
Unruh Act claim, the Court need not address CHC's motion to dismiss, or in the alternative,
to strike Plaintiff's Unruh Act claim.

3

**United States District Court**

For the Northern District of California

1    Dated: April 23, 2008

2                                          JEFFREY S. WHITE
                                           UNITED STATES DISTRICT JUDGE

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4